IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RYAN BARRETT HENSLEE,

      Appellant,

 v.

Case No.  5D22-2362
LT Case No. 2021-CF-001414-A

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed May 19, 2023

Appeal from the Circuit Court
for Hernando County,
Stephen E. Toner, Jr., Judge.

Matthew J. Metz, Public Defender,
and Andrew Mich, Assistant Public
Defender, Daytona Beach, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Roberts J.
Bradford, Jr., Assistant Attorney
General, Daytona Beach, for
Appellee.

PER CURIAM.

In this *Anders*[1] appeal, we have reviewed the record and brief. We found only one error. Pursuant to a plea agreement, Appellant Henslee entered a nolo contendere plea to one count of child abuse, in violation of sections 827.03(1)(b) and 827.03(2)(c), Florida Statutes (2021) (a third-degree felony); and one count of exposure of sexual organs, in violation of section 800.03, Florida Statutes (2021) (a first-degree misdemeanor).

The only error apparent on the face of the record is a $151 court cost imposed pursuant to section 938.10, Florida Statutes (2021), for the violation of section 800.03. The trial court imposed one $151 court cost under the statute for each of the two offenses to which Henslee pled. But section 938.10 authorizes the cost only for the child abuse count, not for the exposure of sexual organs count.

Accordingly, we affirm the judgment and sentence except as to the imposition of the $151 court cost imposed for the violation of section 800.03, which is stricken. We remand to the trial court for entry of an amended sentence which imposes the $151 cost as to the child abuse count, but which does not impose the same as to the violation of section 800.03.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

AFFIRMED IN PART, REVERSED IN PART, REMANDED WITH INSTRUCTIONS.

WALLIS, EDWARDS and HARRIS, JJ., concur.